# IN THE UNITED STATES DISTRICT COURT
*for the*
### SOUTHERN DISTRICT OF IOWA
#### DAVENPORT DIVISION

---

| | |
|---|---|
| **LOGAN VINCENT LAND,**<br>　　　*Plaintiff,*<br><br>*vs.*<br><br>**CITY OF KEOKUK, IOWA, and TANNER WALDEN, Individually and in his Official Capacity as an officer of the Keokuk Police Department.**<br>　　　*Defendants.* | Civil No. _____<br><br>**COMPLAINT**<br>and<br>**JURY DEMAND** |

---

The Plaintiff, Logan Land, by and through his attorneys, Puryear Law P.C., hereby files his Complaint and Jury Demand, and in support of his Complaint, respectfully states the following:

### I. Parties

1.　　The Plaintiff, Logan Land, is an individual residing in Lee County, Iowa.

2.　　The Defendant, City of Keokuk, Iowa (hereafter "Defendant City") is a municipal corporation located in Lee County, Iowa, and organized under the laws of the State of Iowa.

3.　　The Defendant City, through its agents and employees is responsible for hiring, training, instructing, and supervising police officers in their duties.

4.　　The Defendant Tanner Walden is a United States citizen and a resident of the state of Iowa, and at all times relevant to this action was a police officer employed by the City of

1

Keokuk, Iowa.

5.      At all times relevant to the events alleged in this Complaint, the Defendant

Walden was acting within the scope of his employment or duties as a law enforcement officer

with the City of Keokuk, Iowa, police department, and under the color of state law.

## II. Jurisdictional Statement

6.      Jurisdiction of the court is appropriate under 28 U.S.C. §§ 1331 and 1343(3); the

Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; and under the provisions of the Fourth

Amendment to the Constitution of the United States.

7.      All events and actions described in this Complaint occurred in the Southern

District of Iowa, and venue is proper under 28 U.S.C. § 1391(b).

## III. Factual Allegations

8.      All of the events and actions described in this Complaint occurred in the City of

Keokuk, Lee County, Iowa.

9.      The Plaintiff incorporates and reasserts the allegations set forth in the preceding

paragraphs as though set forth fully here.

10.      On or about June 7, 2019, the Plaintiff, Logan Land, was sitting in Rand Park in

the City of Keokuk, Iowa, enjoying the morning sunrise.

11.      At the same time and place, the Defendant Walden claims he received a report of a

male sleeping near the flag poles of the Park.

12.      Defendant Walden approached Logan and demanded his identification.

13.     Logan properly refused, as there was no reason to believe he was committing any crime or that any crime had taken place.

14.     Instead of leaving the Plaintiff alone as he should have, the Defendant Walden immediately placed the Plaintiff under arrest.

15.     The Plaintiff, lacking transportation after being released from custody, was forced to walk many miles.

16.     The Plaintiff was arrested and booked and charged with Interference with Official Acts and Possession of Drug Paraphernalia.

17.     The matter proceeded to a hearing on or about August 27, 2019. Following the trial of the matter, the case and charges were dismissed.

18.     The Plaintiff continues to suffer from anxiety as a result of his improper detention and arrest.

**Count I**

**Violation of clearly established civil rights guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 – Defendant Tanner Walden**

19.     The Plaintiff incorporates and reasserts the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

20.     The Defendant Walden, acting under color of law, by arresting Logan Land, violated his clearly established rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

21.     The Defendant Walden, by his conduct and action, violated the Plaintiff's clearly

established constitutional rights by unreasonably seizing and unlawfully arresting the Plaintiff.

22.     A reasonable officer, in the Defendant Walden's situation, would have known, in light of clearly established law, that the Defendant Walden's arrest violated Logan Land's Fourth Amendment rights.

23.     The Defendant Walden demonstrated indifference to or reckless disregard of Logan Land's constitutional rights, and his actions were willful, wanton, unlawful, and in gross disregard of Logan's rights, justifying an award of punitive damages.

24.     As a direct and proximate result of the unconstitutional action of the Defendant Walden set forth above, Logan Land's constitutional rights were violated and he sustained damages as set forth below.

### Count II

**Violation of clearly established civil rights guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 – Defendant City of Keokuk, Iowa**

25.     The Plaintiff incorporates and reasserts the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

26.     At all times relevant here, the Defendant City of Keokuk, Iowa had policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct, namely the unreasonable seizure and unlawful arrest, alleged above.

27.     The Defendant City's police department had, effectively, both before and after the time of the events alleged in this matter, policies, practices, customs, and procedures that worked to deprive the Plaintiff, Logan Land, of his constitutional rights. The City was was deliberately

4

indifferent to the effect of these policies.

28.     The Defendant City, though its police department, is liable under 42 U.S.C. § 1983 because it established, authorized, or tolerated policies or practices that were intended to or did encourage, endorse, or permit their agents and employees to violate the constitutional rights of Logan Land.

29.     The unconstitutional policies, practices, customs, and procedures of the Defendant City include, but are not limited to, a policy, practice, custom, or procedure of failing to properly train and supervise officers to avoid the unlawful arrest and unwarranted seizure of innocent civilians.

30.     The actions of the Defendant Walden were inappropriate for the situation set forth above and were due to having been inadequately trained and supervised. If properly trained and supervised officers had been on the scene, Logan Land would not have been arrested.

31.     As a direct and proximate result of the unconstitutional actions of the Defendants, Logan Land's constitutional rights were violated and he incurred damages as set forth below.

## **DAMAGES**

32.     As a direct and proximate result of the Defendants' unconstitutional and unjustified conduct and actions, the Plaintiff sustained damages in excess of the jurisdictional requirement of this Honorable Court.

[continued]

**Wherefore**, the Plaintiff respectfully prays that this Court enter judgment against the Defendants for the following:

a. Deprivation of the Plaintiff, Logan Land's constitutional rights;

b. Physical and mental pain and suffering of Logan Land in an amount to be demonstrated at trial;

c. Past and future loss of enjoyment of life for Logan Land in an amount to be demonstrated at trial;

d. Emotional pain and suffering for Logan Land in an amount to be demonstrated at trial;

e. Appropriate costs, expenses, and fees associated with this matter;

f. Attorney fees and costs for all claims for relief pursuant to 42 U.S.C. §§ 1983 and 1988;

g. Punitive damages against the Defendant Walden in his individual capacity; and

h. Any further and other relief that this Honorable Court deems just.

## J U R Y   D E M A N D

The Plaintiff, Logan Land, hereby DEMANDS a trial by jury.

P U R Y E A R   L A W   P.C.

By: _____

Eric S. Mail

6

3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
(p)    563.265.8344
(f)    866.415.5032
mail@puryearlaw.com
eric@puryearlaw.com

One of the Attorneys for the Plaintiff


# V E R I F I C A T I O N

I, **Logan Land,** state under penalty of perjury that the foregoing is true and correct.


Executed on:   June 7, 2021

**Logan Land**, the Plaintiff

COMPLAINT AND JURY DEMAND