IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LOGAN VINCENT LAND,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF KEOKUK, Iowa, and TANNER WALDEN, Individually and in his official capacity as an Ofc. of the Keokuk Police Department<br><br>Defendants. | Case No. 3:21-cv-00051<br><br>**TANNER WALDEN AND CITY OF KEOKUK'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br><u>**CONFIDENTIAL**</u> |

For their reply brief, Tanner Walden and the City of Keokuk ("City Defendants") state:

1. **Unsupported factual references in the Plaintiff's brief and response should be struck and/or not considered by the Court**

Plaintiff's brief and response recites certain alleged "facts" that are not supported by references to any evidence contained in any pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits, and/or are not properly attributed. See, e.g., responses 21, 25, 26, 27, 28, 29, 35, and "additional material fact" par. 44 stating plaintiff was acquitted of all criminal charges (interference with official acts and possession of drug paraphernalia. Brief at 5). Local Rule 56(b)(4) expressly states that any statement of fact not expressly admitted must be supported by references to admissible evidence, and each statement of additional material fact must be supported by reference to evidence that support the statement with citations to the appendix. Accordingly, City Defendants move to strike any factual references in Plaintiff's brief (and

elsewhere) that are unsupported by reference to admissible evidence, in contradiction of Local Rule 56(b). See generally, *McElree v. City of Cedar Rapids*, 372 F. Supp. 3d 770, 782 (N.D. Iowa 2019) (Judge Strand striking statement of material facts where party set forth argument and speculation and not facts adequately supported by citations to the records). An allegation "made without giving any supporting factual basis . . . does not create a genuine dispute of material fact." *Andrews v. Fowler*, 98 F.3d 1069, 1079 n.2 (8th Cir. 1996) (finding no genuine dispute of material fact with regard to bare assertions by plaintiff's affiant that a mayor named in a § 1983 failure-to-supervise action was aware of previous complaints about a police officer's misconduct).  The court is entitled to discredit "mere allegations, unsupported by specific facts or evidence." *Williams v. United Parcel Serv., Inc.*, 963 F.3d 803, 807 (8th Cir. 2020) (quoting *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007)).

**2.   Objective reasonableness is the standard not plaintiff's subjective intent**

In his resistance, Plaintiff claims he was not disheveled; did not appear homeless; did not appear to be sleeping on a park bench nor was it unusual or a sign of a medical issue at that time of day; the video does not show a mental or physical health crisis; the plaintiff "properly responded" to Officer Walden and denies the "characterization" that Officer Walden observed the plaintiff becoming increasingly uncooperative, argumentative and hostile. Plaintiff responses 9, 20, 21, 25, 26, 27, 28, 29, and 35.  As noted, plaintiff has produced no admissible evidence and failed properly to resist Officer Walden's background, training and experience, and the objective facts known to Officer Walden as he approached the plaintiff on the park bench that early morning.  LR 56(4)(e).

It is well established in the 8th Circuit Court of Appeals that a mere statement or argument "made without giving any supporting factual basis . . . does not create a genuine dispute of material fact." *Andrews v. Fowler*, 98 F.3d 1069, 1079 n.2 (8th Cir. 1996) (finding no genuine dispute of material fact with regard to bare assertions by plaintiff's affiant that a mayor named in a § 1983 failure-to-supervise action was aware of previous complaints about a police officer's misconduct). A plaintiff "may not merely point to self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013).

The court is entitled to discredit "mere allegations, unsupported by specific facts or evidence." *Williams v. United Parcel Serv., Inc.*, 963 F.3d 803, 807 (8th Cir. 2020) (quoting *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007)). A plaintiff "may not merely point to self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013). In addition, by failing to respond to the City Defendants' statement of material facts with "appropriate appendix" citations should be deemed as admission of those facts. LR 56(4)(e).

Finally, the plaintiff's unsupported personal opinions about his appearance, conduct and mental health are irrelevant to the determination whether Officer Walden had reasonable suspicion or probable cause. The test is whether it was objectively reasonable to an officer faced with the same facts and circumstances, not the plaintiff's subjective beliefs. See, e.g., *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth

Amendment analysis."); *United States v. Holloman,* 113 F.3d 192, 194 (11th Cir. 1997) (per curiam) ("[Whren] conclusively refutes the notion that ulterior motives may invalidate police conduct that is justified on the basis of probable cause to believe that a violation of law has occurred.") See also *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003) (same).

### 3. Plaintiff fails to address the arguable probable cause or arguable reasonable suspicion line of cases

Plaintiff's brief completely fails to address the well-established 8th Circuit Court of Appeals line of cases involving arguable probable cause or arguable reasonable suspicion. Brief at 6-7 (citing no case law). Officers who make an arrest of someone without probable cause are still "entitled to qualified immunity if there was *arguable* probable cause for the arrest." *Jones v. Cannon,* 174 F.3d 1271, 1283 (11th Cir. 1999) (citing *Lindsey v. Storey,* 936 F.2d 554, 562 (11th Cir. 1991))(emphasis added). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is 'objectively reasonable.'" *Id.* (quoting *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)). In determining whether arguable probable cause exists, "[w]e apply an objective standard, asking `whether the officer's actions are objectively reasonable . . . regardless of the officer's underlying intent or motivation.'" *Vaughan v. Cox,* 264 F.3d 1027, 1036 (11th Cir. 2001). See also *Robbins v. City of Des Moines,* 984 F.3d 673 (8th Cir. 2021) (Same analysis for *Terry* stops, court stating that "[a]n officer will not be deprived of qualified immunity if he had arguable reasonable suspicion, which exists when a reasonable officer in the same position could have believed that reasonable suspicion existed." *Waters v. Madson,* 921 F.3d 725, 736 (8th Cir. 2019).

In *Robbins*, the 8th Circuit Court of Appeals reversed the district court's refusal to grant qualified immunity to a police officer for a *Terry* stop because the officers had at least "arguable" probable cause. An officer will not be deprived of qualified immunity if he had arguable reasonable suspicion, which exists when a reasonable officer in the same position could have believed that reasonable suspicion existed. *Waters v. Madson*, 921 F.3d 725, 736 (8th Cir. 2019). The defendant officers were able to recite "specific, articulable facts" that, under the totality of the circumstances, would lead a reasonable officer to believe he had reasonable suspicion for the investigatory stop. Waters, 921 F.3d at 737; see also *United States v. Williams*, 929 F.3d 539, 545 (8th Cir. 2019) (considering evasiveness as a factor for reasonable suspicion).

Contrary to plaintiff's argument that nothing about his appearance and conduct suggested any illegal or concerning behavior, and that he was arrested for "merely refusing to provide his name," (Brief at 6-7), Officer Walden has recited unrebutted "specific articulable facts" for his conduct that morning. SOUMF 18, 21, 24, 26, 27, 28, 29, 34, and 36. Reasonable suspicion deals with "probabilities, not hard certainties, and it need not rule out innocent conduct. "*Chestnut v. Wallace,* 947 F.3d 1085,1088 (8th Cir. 2020) (citations omitted). Plaintiff has also not properly provided this court with any admissible evidence to rebut Officer Walden's version of the events that morning. The court is entitled to discredit mere allegations or arguments, as a plaintiff "may not merely point to self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013).

### *4. Plaintiff has not Identified a Robust Consensus of Cases for the Purpose of Overcoming Qualified Immunity*

Plaintiff claims Officer Walden is not entitled to qualified immunity as he apparently crossed a "bright line" that morning. (Brief at 7.) Plaintiff only cites the 1979 *Brown* case, where the court found that merely asking some citizen for identification without any "reasonable suspicion" was unlawful. (Brief at 7-8.) Officer Walden's decision to investigate and ultimately arrest the plaintiff was not merely based on plaintiff's refusal to provide his name, however. (See SOUMF 34, 35, and 36.) Contrary to well-established Eighth Circuit and Supreme Court case law, Plaintiff fails to cite with any "degree of specificity" anything about Officer Walden's conduct that he claims was unreasonable let alone outside the bounds of his official duties. Plaintiff has cited no robust consensus of 8th Circuit precedence that would have put Officer Walden on notice that he was violating plaintiff's rights based on the "particularized facts" Officer Walden faced on June 7, 2010. *See White v. Pauly*, 137 S. Ct. 548, 551-52 (2017); *L.G. through M.G. v. Columbia Public Schools*, 990 F.3d 1145, 148 (8th Cir. 2021) (holding that the right must be described with a "high degree of specificity" to take into account the particular circumstances that the officer faced and that specificity is "especially important in the Fourth Amendment context."); *El–Ghazzawy v. Berthiaume*, 636 F.3d 452, 460 (8th Cir. 2011) (same; concluding that it was clearly established in 2008 that "a reasonable officer could not have believed it was lawful to handcuff and frisk a suspect absent any concern for safety"). "It is hard to imagine that [Officer Walden] was transgressing a bright line as opposed, at most, to making a bad guess in a gray area. *Columbia Public Schools,* 990 F.3d at 1150.

6

### 5. Ofc. Walden was a well-trained and supervised police officer

In his response, Plaintiff denied on three separate occasions that Officer Walden was properly trained. Plaintiff cited no appendix citations for his denials. See Responses 7, 8, and 9. (Plaintiff admitted there have been no prior complaints or litigation regarding alleged unconstitutional seizures of citizens by Officer Walden. Response 10). Except for his lawyer's unsupported and conclusory statements, however, Plaintiff cites no evidence to rebut Chief of Police David Hinton's and other affidavits that Officer Walden has consistently received the appropriate training as a law enforcement officer throughout his career. (City Defendants' SOUMF 7, 8 and 9.) An allegation "made without giving any supporting factual basis . . . does not create a genuine dispute of material fact." *Andrews v. Fowler*, 98 F.3d 1069, 1079 n.2 (8th Cir. 1996) (finding no genuine dispute of material fact with regard to bare assertions by plaintiff's affiant that a mayor named in a § 1983 failure-to-supervise action was aware of previous complaints about a police officer's misconduct). The court is entitled to discredit "mere allegations, unsupported by specific facts or evidence." *Williams v. United Parcel Serv., Inc.*, 963 F.3d 803, 807 (8th Cir. 2020) (quoting *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007)). A plaintiff "may not merely point to self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013).

Plaintiff has also not identified any City of Keokuk "official policy" that arguably played a role in plaintiff's treatment that day. Plaintiff has not shown the existence of any continuing widespread persistent pattern of unconstitutional alleged misconduct by Officer Walden any deliberate indifference or tacit authorization by the City of Keokuk

after notice of Officer Walden's alleged misconduct; or any injury pursuant to the City of Keokuk's custom that was a moving force behind any constitutional violation.

See generally *Ware v. Jackson County*, 150 F.3d. 873, 880 (8th Cir. 1998). An employer is not liable under a failure to supervise theory unless the employer "received notice of a pattern of unconstitutional acts" and was deliberately indifferent to, or authorized, those acts. *Johnson v. Moody*, No. 416CV00449RGESBJ, 2017 WL 2903351, at *7 (S.D. Iowa June 15, 2017), aff'd, 903 F.3d 766 (8th Cir. 2018) (quoting *Mendoza v. U.S. Immigration & Customs Enf't*, 849 F.3d 408, 420 (8th Cir. 2017)). Similarly, failure to train cases require proof of an employer's conscious disregard of improper conduct. *See, e.g.*, *Ward v. City of Des Moines*, 184 F. Supp. 2d 892, 898 (S.D. Iowa 2002). *Webb v. City of Waterloo*, 2020 WL 1159755, at *11 (N.D. Iowa Mar. 10, 2020) ("[P]roof that the underlying complaints had merit, coupled with the municipality's failure to investigate or punish the officer, is precisely how a plaintiff must prove that the municipality had knowledge of, and was indifferent to or tacitly authorized, the constitutional violations.").

    /s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
    Of
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone   319.365.9101
Facsimile    319.365.9512
E-Mail       wstone@lynchdallas.com

ATTORNEYS FOR DEFENDANTS TANNER WALDEN AND THE CITY OF KEOKUK, IOWA

## CERTIFICATE OF SERVICE

      I certify that I served the foregoing document upon the following person(s) by electronic notice pursuant to Federal Rule of Civil Procedure 5 on the 18th day of August 2022.

Eric S. Mail (mail@puryearlaw.com)
Eric D. Puryear (eric@puryearlaw.com)
PURYEAR LAW PC
3719 Bridge Avenue, Suite 6
Davenport, IA 52807

                                                     /s/ Wilford H. Stone